## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

IN RE:

CARR CONTRACTING SERVICES, INC.,

    Debtor.

_____/

SHARI STREET JANSEN, as Chapter 7
Trustee of the Estate of Carr Contracting
Services, Inc.

    Plaintiff,

v.                                          CASE NO: 8:10-cv-2169-T-26

CITY OF ZEPHYRHILLS, JAMES N. GOODWIN,
THE LPA GROUP INCORPORATED,

    Defendants.

_____/

## <u>O R D E R</u>

    Before the Court is Defendant the City of Zephyrhills' Motion for Withdrawal of

Reference with regard to an adversary proceedings filed against it in the Bankruptcy

Court by the Chapter 7 Trustee on behalf of the Debtor's estate.  The Trustee alleges in

the complaint against the City of Zephyrhills, breach of contract and quantum meruit, and

against James N. Goodwin and The LPA Group Incorporated, negligence.  The City of

Zephyrhills, adopting the motion to withdraw the reference filed by the other two

defendants,[1] contends that cause exists for withdrawing the reference pursuant to 28 U.S.C. § 157(d), that it is entitled to a jury trial under the Seventh Amendment in this non-core adversary proceeding, and that, because it will not consent to the jurisdiction of the Bankruptcy Court, the case must be disposed of in this Court where its right to a jury trial can be honored.

Even assuming the correctness of the City of Zephyrhills' contentions, its motion to withdraw the reference is premature. As the Bankruptcy Court's docket reflects, the Trustee filed the complaint on July 28, 2010, the City of Zephyrhills filed its answer and defenses on August 30, 2010, and the Bankruptcy Court has scheduled a pretrial conference for October 19, 2010.[2] Given the early stage of litigation of this adversary proceeding, the mere fact that the City of Zephyrhills is entitled to a jury trial does not mean that this Court is obligated to withdraw the reference at this point in time simply because the City of Zephyrhills has filed the motion. As the Ninth Circuit Court of Appeals recently observed after canvassing numerous decisions, "a Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court." In re Healthcentral.com, 504 F.3d 775, 787 (9th Cir. 2007) (citation omitted). "Instead, the bankruptcy court is permitted to retain jurisdiction over the action for pre-trial matters." Id. (citation omitted).

---

[1]   See docket 22 in the adversary proceeding 8:10-ap-929-ALP.

[2]   See docket 28 in the adversary proceeding 8:10-ap-929-ALP.

Importantly, according to the Ninth Circuit, one of the pre-trial matters over which a bankruptcy court would be authorized to exercise jurisdiction is a dispositive motion such as a motion for summary judgment because "even if a bankruptcy court were to rule on a dispositive motion, it would not affect a party's Seventh Amendment *right* to a jury trial as these motions merely address whether trial is necessary at all." Id. (citation omitted) (emphasis in original).

Accordingly, the Motion for Withdrawal of Reference (Dkt. 1) is denied without prejudice as being premature. The City of Zephyrhills may refile the motion once all pretrial matters have concluded and the adversary proceeding is ready to be tried before a jury. The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, on September 30, 2010.


　　　　　s/*Richard A. Lazzara*

**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


<u>**COPIES FURNISHED TO**</u>:
Counsel of Record